UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DIORITE TECHNOLOGY, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>CISCO SYSTEMS, INC.<br><br>*Defendant.* | Case No.<br><br>**Complaint for Patent Infringement**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Diorite Technology, LLC ("Diorite") files this complaint against Defendant Cisco Systems, Inc. ("Defendant" or "Cisco") alleging infringement of U.S. Patent No. 8,189,759 (the "'759 Patent"), U.S. Patent No. 9,007,421 (the "'421 Patent"), and U.S. Patent No. 9,344,820 (the "'820 Patent") (collectively, the "Patents-in-Suit" or "Asserted Patents").

### Plaintiff Diorite and the Patents-in-Suit

1.  Plaintiff Diorite Technology, LLC is a limited liability company organized under the laws of the State of Texas, with an address at 6800 Weiskopf Ave., Suite 150, McKinney, Texas 75070.

2.  Defendant Cisco Systems, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 170 West Tasman Drive, San Jose, California 95134. Cisco has as its registered agent for service: Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Cisco has been registered to do business in the state of Texas under Texas SOS file number 8243306.

1

## Jurisdiction and Venue

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Cisco in this action because Cisco has committed acts of infringement within this District giving rise to this action, has a regular and established place of business in this District, and has established minimum contacts with this forum such that the exercise of jurisdiction over Cisco would not offend traditional notions of fair play and substantial justice. Cisco, directly and/or through subsidiaries or intermediaries, conducts its business extensively throughout Texas, by shipping, distributing, offering for sale, selling, and advertising its products and/or services in the State of Texas and the Eastern District of Texas, regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in the State of Texas, and commits acts of infringement of Plaintiff's Patent in this District by, among other things, making, using, importing, offering to sell, and selling products and/or services that infringe the Asserted Patents, including without limitation the Cisco Desk and Cisco Broadworks products accused of infringement in this case offered by Cisco.

5. Cisco, directly and/or through subsidiaries or intermediaries, has purposefully and voluntarily placed one or more products and/or services in the stream of commerce that practice the Asserted Patents with the intention and expectation that they will be purchased and used by consumers in the Eastern District of Texas. These products and/or services have been and continue to be purchased and used in the Eastern District of Texas.

6.  Venue as to Cisco is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Cisco resides in this District and/or has committed acts of infringement and has a regular and established place of business in this District.

7.  For example, Cisco has regular and established places of business in the Eastern District of Texas, including at 2250 and 2300 East President George Bush Turnpike, Richardson, Texas 75082.

### Count 1 – Claim for infringement of the '759 Patent.

8.  Diorite incorporates by reference each of the allegations in paragraphs 1–7 above and further alleges as follows:

9.  Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 8,189,759 (the "'759 Patent"), entitled "System and Method for Automatic Call Back Using Availability Information." The '759 Patent was duly and legally issued by the United States Patent and Trademark Office on May 29, 2012. A true and correct copy of the '759 Patent is attached as Exhibit 1.

10. On information and belief, Cisco makes, uses, offers for sale, sells, and/or imports certain products ("Accused Instrumentalities"), including Cisco Broadworks products such as the Desk Phone 9800 Series, that directly infringe, literally and/or under the doctrine of equivalents, at least Claim 1 of the '759 Patent.

11. Cisco also knowingly and intentionally induces infringement of at least Claim 1 of the '759 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Cisco has had knowledge of the '759 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '759 Patent, Cisco continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Instrumentalities in ways that directly infringe the '759

Patent. Cisco does so knowing and intending that its customers and end users will commit these infringing acts. Cisco also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '759 Patent, thereby specifically intending for and inducing its customers to infringe the '759 Patent through the customers' normal and customary use of the Accused Instrumentalities.

12. Cisco has also infringed, and continue to infringe, at least Claim 1 of the '759 Patent by selling, offering for sale, or importing into the United States, the Accused Instrumentalities, knowing that the Accused Instrumentalities constitute a material part of the inventions claimed in the '759 Patent, are especially made or adapted to infringe the '759 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Cisco has been, and currently is, contributorily infringing the '759 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

13. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '759 Patent. A claim chart comparing independent claim 1 of the '759 Patent to representative Accused Instrumentalities is attached as Exhibit 2.

14. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Cisco has injured Plaintiff and are liable for infringement of the '759 Patent pursuant to 35 U.S.C. § 271.

15. As a result of Cisco's infringement of the '759 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Cisco's infringement, but in no event less than a reasonable royalty for the use made of the invention by Cisco, together with interest and costs as fixed by the Court.

## Count 2 – Claim for infringement of the '421 Patent.

16. Diorite incorporates by reference each of the allegations in paragraphs 1–15 above and further alleges as follows:

17. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 9,007,421 (the "'421 Patent"), entitled "Conference Call User Interface and Methods Thereof." The '421 Patent was duly and legally issued by the United States Patent and Trademark Office on April 14, 2015. A true and correct copy of the '421 Patent is attached as Exhibit 3.

18. On information and belief, Cisco makes, uses, offers for sale, sells, and/or imports certain products ("Accused Instrumentalities"), including Cisco Desk, that directly infringe, literally and/or under the doctrine of equivalents, at least Claim 1 of the '421 Patent.

19. Cisco also knowingly and intentionally induces infringement of at least Claim 1 of the '421 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Cisco has had knowledge of the '421 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '421 Patent, Cisco continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Instrumentalities in ways that directly infringe the '421 Patent. Cisco does so knowing and intending that its customers and end users will commit these infringing acts. Cisco also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '421 Patent, thereby specifically intending for and inducing its customers to infringe the '421 Patent through the customers' normal and customary use of the Accused Instrumentalities.

20.     Cisco has also infringed, and continue to infringe, at least Claim 1 of the '421 Patent by selling, offering for sale, or importing into the United States, the Accused Instrumentalities, knowing that the Accused Instrumentalities constitute a material part of the inventions claimed in the '421 Patent, are especially made or adapted to infringe the '421 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Cisco has been, and currently is, contributorily infringing the '421 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

21.     The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '421 Patent. A claim chart comparing independent claim 1 of the '421 Patent to representative Accused Instrumentalities is attached as Exhibit 4.

22.     By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Cisco has injured Plaintiff and are liable for infringement of the '421 Patent pursuant to 35 U.S.C. § 271.

23.     As a result of Cisco's infringement of the '421 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Cisco's infringement, but in no event less than a reasonable royalty for the use made of the invention by Cisco, together with interest and costs as fixed by the Court.

### Count 3 – Claim for infringement of the '820 Patent.

24.     Diorite incorporates by reference each of the allegations in paragraphs 1–23 above and further alleges as follows:

25.     Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 9,344,820 (the "'820 Patent"), entitled "Method, Apparatus, and System for Mass Audio Notification Field." The '820 Patent was duly and legally issued by the United States Patent and Trademark Office on May 17, 2016. A true and correct copy of the '820 Patent is attached as Exhibit 5.

26.     On information and belief, Cisco makes, uses, offers for sale, sells, and/or imports certain products ("Accused Instrumentalities"), including Cisco Desk, that directly infringe, literally and/or under the doctrine of equivalents, at least Claim 1 of the '820 Patent.

27.     Cisco also knowingly and intentionally induces infringement of at least Claim 1 of the '820 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Cisco has had knowledge of the '820 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '820 Patent, Cisco continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Instrumentalities in ways that directly infringe the '820 Patent. Cisco does so knowing and intending that its customers and end users will commit these infringing acts. Cisco also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '820 Patent, thereby specifically intending for and inducing its customers to infringe the '820 Patent through the customers' normal and customary use of the Accused Instrumentalities.

28.     Cisco has also infringed, and continue to infringe, at least Claim 1 of the '820 Patent by selling, offering for sale, or importing into the United States, the Accused Instrumentalities, knowing that the Accused Instrumentalities constitute a material part of the inventions claimed in the '820 Patent, are especially made or adapted to infringe the '820 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Cisco has been, and currently is, contributorily infringing the '820 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

29.     The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '820 Patent. A claim chart comparing independent claim 1 of the '820 Patent to representative Accused Instrumentalities is attached as Exhibit 6.

30. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Cisco has injured Plaintiff and are liable for infringement of the '820 Patent pursuant to 35 U.S.C. § 271.

31. As a result of Cisco's infringement of the '820 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Cisco's infringement, but in no event less than a reasonable royalty for the use made of the invention by Cisco, together with interest and costs as fixed by the Court.

## Jury Trial Demanded

32. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Diorite requests a trial by jury of any issues so triable by right.

## Prayer for Relief

Plaintiff Diorite respectfully requests the following relief from this Court:

A. A judgment in favor of Diorite that Cisco has infringed, either literally and/or under the doctrine of equivalents, the Asserted Patents, and that the Asserted Patents are valid, enforceable, and patent-eligible;

B. A judgment and order requiring Cisco to pay Diorite compensatory damages, costs, expenses, and pre-judgment and post-judgment interest for its infringement of the Asserted Patents, as provided under 35 U.S.C. § 284;

C. Any and all injunctive and/or equitable relief to which Diorite may be entitled including, but not limited to, ongoing royalties with respect to Cisco's infringement of the Asserted Patents;

D. A judgment and order requiring Cisco to provide an accounting and to pay supplemental damages to Diorite, including, without limitation, pre-judgment and post-judgment interest;

E. A judgment and order finding that this case is exceptional under 35 U.S.C. § 285, and an award of Diorite's reasonable attorney's fees and costs; and

F. Any and all other relief to which Diorite may be entitled.

| | |
|---|---|
| Dated:  May 28, 2025 | Respectfully submitted,<br><br>*/s/ Reza Mirzaie*<br>Reza Mirzaie<br>CA State Bar No. 246953<br>Christian W. Conkle<br>CA State Bar No. 306374<br>Jefferson Cummings<br>DC Bar No. 90027452<br>RUSS AUGUST & KABAT<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, CA  90025<br>Telephone: 310-826-7474<br>Email: rmirzaie@raklaw.com<br>Email: cconkle@raklaw.com<br>Email: jcummings@raklaw.com<br><br>**ATTORNEYS FOR PLAINTIFF,**<br>**DIORITE TECHNOLOGY, LLC** |