IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

DIORITE TECHNOLOGY, LLC,

§
§
§
§

*Plaintiff,*

§
§

Case No.: 2:25-cv-00591-RWS-RSP

v.

§
§

JURY TRIAL DEMANDED

CISCO SYSTEMS, INC.,

§
§

*Defendant.*

§
§

**DEFENDANT'S MOTION FOR ISSUANCE OF LETTERS ROGATORY**

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     FACTUAL BACKGROUND .............................................................................. 1

III.    ARGUMENT ....................................................................................................... 2

      A.    Legal Standard ......................................................................................... 2

      B.    Letter Rogatory Is The Proper Method For A U.S. Court To Seek Discovery In A Foreign Jurisdiction ............................................................................... 2

      C.    Letters Rogatory Are Appropriate Under Canadian Law ....................................... 3

      D.    The Proposed Letters Rogatory Seek Relevant Discovery ................................. 3

IV.    CONCLUSION.................................................................................................... 4

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*,
    No. 04-5385, 2007 WL 1815472 (N.D. Cal. June 20, 2007).....................................................4

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004)...................................................................................................................3

*Intertrust Techs. Corp. v. Cinemark Holdings, Inc.*,
    No. 2:19-cv-00266-JRG (E.D. Tex. Apr. 7, 2020), ECF No. 65 ..............................................3

*Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*,
    2 F.3d 1397 (5th Cir. 1993) ......................................................................................................3

*Smart RF Inc. v. AT&T Mobility LLC et al*,
    No. 2:24-cv-00195-JRG-RSP (E.D. Tex. Apr. 30, 2025), ECF No. 69....................................3

*SnapAid, Ltd. v. Samsung Elecs. Co., Ltd.*,
    No. 2:25-cv-00378 (E.D. Tex. Dec. 12, 2025), Doc. No. 51 .....................................................3

*Triumph Aerostructures, LLC v. Comau, Inc.*,
    No. 3:14-CV-2329-L, 2015 WL 5502625 (N.D. Tex. Sept. 18, 2015).......................................4

*Universal Connectivity Techs., Inc. v. Lenovo Grp. Ltd.*,
    No. 2:23-cv-00449-JRG (E.D. Tex. Mar. 11, 2025), ECF No. 106...........................................3

**Statutes**

All Writs Act, 28 U.S.C. §§1651, 1781 ...........................................................................................3

Canada Evidence Act.........................................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 4(f)(2)(B)..................................................................................................................3

Hague Convention (available at https://www.hcch.net/en/states/hcch-
    members/details1/?sid=28) .......................................................................................................4

R.S.C.1985, c. C-5 §§ 46, 51 ............................................................................................................4

U.S. Department of State (available at
    http://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-
    Information/Canada.html)...........................................................................................................4

ii

## I.      INTRODUCTION

Defendant Cisco Systems, Inc. ("Cisco") respectfully moves for issuance of the accompanying Letters Rogatory to obtain documents and testimony from Canadian residents and entities identified below. Cisco has prepared individual Letters Rogatory directed to each such witness and entity, attached as Exhibits A–F.

The requested discovery is relevant to Cisco's defenses, including invalidity, inventorship, prosecution history, and damages. Because the relevant witnesses and documents are located in Canada, issuance of Letters Rogatory is appropriate. Cisco respectfully requests that the Court approve and issue the proposed Letters Rogatory.

## II.     FACTUAL BACKGROUND

Diorite asserts U.S. Patent Nos. 9,007,421 and 9,344,820 (the "Asserted Patents")[1] against Cisco in this action. The close of fact discovery is currently scheduled for November 30, 2026. ECF 34. Based on Diorite's initial disclosures and Cisco's investigation, several Canadian witnesses and entities possess relevant information concerning the Asserted Patents. Cisco has therefore prepared separate Letters Rogatory for each such witness and entity.

Benbria Corporation (Exhibit A), a prior assignee of the '820 Patent, is likely to possess information concerning the development of the claimed technology, prosecution of the patent, prior art, relevant products, and issues relating to ownership and damages.

In addition, Peter Francis Couse (Exhibit B), Vincent Somoza (Exhibit C), Ying Du (Exhibit D), Matthew T. Battig (Exhibit E), and Pedro I. Sanchez (Exhibit F), are each a named inventor of one or more of the Asserted Patents, are located in Canada and are likely to possess information concerning conception, inventorship, prosecution, prior art, and commercialization of the asserted inventions.

---

[1] Diorite has withdrawn its infringement allegation of U.S. Patent No. 8,189,759.

1

Each of these witnesses and entities is located in Canada and outside this Court's subpoena power. The proposed Letters Rogatory request documents and testimony relating to prior art, inventorship, prosecution history, ownership, and damages, as set forth in Exhibits A–F.

## III.    ARGUMENT

### A.    Legal Standard

A letter rogatory is a formal written request from a court to a foreign tribunal seeking evidence from a witness within that tribunal's jurisdiction. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) ("A letter rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness."). Federal courts have inherent authority to issue such requests. *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1408 (5th Cir. 1993).

Courts in this District routinely grant motions for letters rogatory seeking discovery from Canadian witnesses. *See*, e.g., *SnapAid, Ltd. v. Samsung Elecs. Co., Ltd. et al.*, No. 2:25-cv-00378-RWS-RSP (E.D. Tex. Dec. 12, 2025), ECF No. 51; *Smart RF Inc. v. AT&T Mobility LLC*, No. 2:24-cv-00195-JRG-RSP (E.D. Tex. Apr. 30, 2025), ECF No. 69; *Universal Connectivity Techs., Inc. v. Lenovo Grp. Ltd.*, No. 2:23-cv-00449-JRG (E.D. Tex. Mar. 11, 2025), ECF No. 106; *Intertrust Techs. Corp. v. Cinemark Holdings, Inc.*, No. 2:19-cv-00266-JRG (E.D. Tex. Apr. 7, 2020), ECF No. 65.

### B.    Letter Rogatory Is The Proper Method For A U.S. Court To Seek Discovery In A Foreign Jurisdiction

Cisco's use of Letters Rogatory to obtain discovery from Canadian entities and individuals is appropriate. *See* Fed. R. Civ. P. 4(f)(2)(B); 28(b)(1)(B); the All Writs Act, 28 U.S.C. §§1651, 1781 (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner"); Vienna Convention on Consular Relations, Art. 5(j), Apr. 24, 1963; 21 U.S.T. 77; 596 U.N.T.S. 261; and T.I.A.S. No. 6820. Where a document custodian is located in a nation that is not a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, such as

2

Canada[2], letters rogatory are particularly appropriate. *Triumph Aerostructures, LLC v. Comau, Inc.*, No. 3:14-CV-2329-L, 2015 WL 5502625, at *2 (N.D. Tex. Sept. 18, 2015); *see also, e.g., Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*, No. C04-05385-JW (HRL), 2007 WL 1815472, at *1 (N.D. Cal. June 20, 2007) ("[T]he Taiwanese lawyers were residents of a foreign nation that is not a signatory to the Hague Convention. Therefore,  the appropriate method for requiring their appearance is the letter rogatory.").

### C.      Letters Rogatory Are Appropriate Under Canadian Law

Cisco's request is also consistent with Canadian law. The Canada Evidence Act permits courts outside of Canada to seek evidence from Canadian courts through letters rogatory. R.S.C.1985, c. C-5 §§ 46, 51. Additionally, under Article 5 of the Vienna Convention on Consular Relations, dated April 24, 1963 ("Vienna Convention"), letters rogatory are an appropriate method for requesting evidence between the United States and Canada. Vienna Convention, art. 5(j); 21 U.S.T. 77; 596 U.N.T.S. 261; and T.I.A.S. 6820. Under these laws, when a letter rogatory is sent to the appropriate judicial authority of Canada, the judicial authority of Canada has the power to order the desired testimony or production of relevant documents by Canadian residents and entities. *Id.*; R.S.C.1985, c. C-5 §§ 46, 51.

### D.      The Proposed Letters Rogatory Seek Relevant Discovery

As explained above and further demonstrated by the proposed Letters Rogatory attached hereto as Exhibits A–F, the discovery sought from Benbria, and the named inventors is directly relevant to Cisco's defenses to Diorite's infringement claims and damages allegations concerning the Asserted Patents.

Specifically, Benbria, and the named inventors are likely to possess information concerning prior art, inventorship, prosecution history, ownership of the Asserted Patents, and the development and

---

[2] *See, e.g.*, U.S. Department of State, (available at http://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Canada.html) (noting that Canada is not a party to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters) (last visited March 18, 2026); Hague Convention, (available at https://www.hcch.net/en/states/hcch-members/details1/?sid=28) (listing Conventions Canada has ratified; "Taking of Evidence Abroad in Civil or Commercial Matters" not listed) (last visited October 23, 2025).

3

operation of relevant products and systems. The requests also seek information relating to Mitel and Benbria products and technologies that may practice or relate to the subject matter of the Asserted Patents, as well as materials concerning conception, reduction to practice, prior art, and non-privileged communications.

The document requests and deposition topics set forth in Exhibits A–F are tailored to obtain non-privileged information relevant to these issues and are consistent with the scope of discovery permitted under the Federal Rules of Civil Procedure.

## IV.    CONCLUSION

For the foregoing reasons, Cisco respectfully requests that the Court approve, sign, and issue the Letters Rogatory attached as Exhibits A–F. Cisco further requests that the Clerk of Court affix the Court's seal and return the executed Letters Rogatory to Cisco for transmission to the appropriate Canadian authorities.

4

Dated: May 22, 2026

Respectfully submitted,

/s/ *K. Padmanabhan*
Krishnan Padmanabhan (*admitted pro hac vice)*
Email: kpadmanabhan@fenwick.com
Christopher Gresalfi (*admitted pro hac vice)*
Email: cgresalfi@fenwick.com
**FENWICK & WEST LLP**
902 Broadway
New York, NY 10010
Tel: (212) 921-2001

Scott Border (*admitted pro hac vice*)
**FENWICK & WEST LLP**
1155 F St NW, 12th Floor
Washington, DC 20004
Telephone: (202) 970-3000
Facsimile: (650) 938-5200

Shaun W. Hassett
TX State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C**.
102 N. College Ave., Suite 900
Tyler, TX 75702
Tel: (903) 597-8311
Fax: (903) 531-3972

***Attorneys for Defendant Cisco Systems, Inc.***

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served by email on all counsel of record on May 22, 2026.

/s/ C. Gresalfi _____
Christopher Gresalfi

6