**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| DIORITE TECHNOLOGY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:25-CV-591-RWS |
| | § | |
| CISCO SYSTEMS, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Defendant Cisco Systems, Inc.'s Motion to Dismiss Plaintiff Diorite Technology, LLC's Amended Complaint. Docket No. 18. The motion is fully briefed. Docket Nos. 18, 20–21, 24. On July 6, 2026, the Court heard oral argument on the motion. Docket No. 44. For the reasons below, the motion (Docket No. 18) is **DENIED**.

**BACKGROUND**

On May 28, 2025, Plaintiff filed its original complaint alleging that Defendant directly and indirectly infringed U.S. Patent Nos. 8,189,759 (the " '759 Patent"); 9,007,421 (the " '421 Patent"); and 9,344,820 (the " '820 Patent"). Docket No. 1. Plaintiff filed its first amended complaint on September 4, 2025. Docket No. 16. On September 19, 2025, Defendant moved to dismiss Plaintiff's first amended complaint under Federal Rule of Civil Procedure 12(b)(6). Docket No. 18 at 3.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal for failure to state a claim, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a Rule 12(b)(6) motion to dismiss, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007) (citations omitted). However, the Court will "not accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citations omitted). "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

**ANALYSIS**

On May 8, 2026, the parties submitted a joint status report that narrowed the disputes raised in the instant motion. Docket No. 39. Defendant now "focus[es] on whether [Plaintiff] has adequately pled allegations" concerning infringement of the '421 and '820 Patents. *Id.* at 1.

**I. The '421 Patent**

Defendant argues that Plaintiff has not adequately pled infringement of the "display phone icons on said plurality of characters" limitation of the '421 Patent. Docket No. 18 at 7–9, 13; *see also* Docket No. 39 at 1. Specifically, Defendant argues that Plaintiff fails to explain how the alleged phone icon (". . .") "meets the plain meaning of this term." Docket No. 21 at 1; *see also* Docket No. 44 at 6:19–21 ("We don't think there's any plausible reading that those three dots or the mute button can read on what the patent describes as a phone icon.").

"In evaluating a motion to dismiss, district courts may, if they wish, engage in claim construction, provided they give the parties appropriate notice and an opportunity to be heard. Alternatively, courts may adopt the construction advanced by the non-moving party and assess the

motion by applying that construction." *Adnexus Inc. v. Meta Platforms, Inc.*, 160 F.4th 1216, 1222 (Fed. Cir. 2025) (citations omitted). Because the parties have neither briefed nor been heard on the construction of "phone icons" within the patent, the Court adopts the construction advanced by Plaintiff to determine whether it plausibly pled infringement of the '421 Patent.

While not expressly stated in the briefing, Plaintiff takes the position that "phone icons" within the meaning of the claim is broad enough to include the ". . ." and mute icons it identified. *See* Docket No. 20 at 4 n.1 ("Diorite plainly alleges that the '. . .' icon, not the 'Red X Circle' icon, corresponds to the 'phone icon.' "); Docket No. 16-4 at 11 ("For example, each Accused Product is configured to use Webex to display phone icons, including mute and '. . .' on the plurality of characters."). Accepting this interpretation of the term as true, the Court concludes that Plaintiff adequately pled infringement under Rule 12(b)(6).

Defendant's arguments require the Court to review the disputed claims and intrinsic evidence to determine whether the icons identified by Plaintiff meet specific limitations. In its briefing and at the hearing, Defendant relies on *Bartonfalls LLC v. Turner Broadcast Systems, Inc.*, No. 2:16-CV-1127-JRG-RSP, 2017 WL 1375205, at *2 (E.D. Tex. Mar. 15, 2017), *report and recommendation adopted*, No. 2:16-CV-1130-JRG-RSP, 2017 WL 1319656 (E.D. Tex. Apr. 10, 2017). Docket No. 21 at 1, 3–4; Docket No. 44 at 5, 7–8, 10. But *Bartonfalls* is distinguishable.

The court in *Bartonfalls* concluded that a "URL" could not plausibly be considered a "TV channel" within the meaning of the asserted claim. 2017 WL 1375205, at *2. The court noted that the plaintiff had not identified anything "in the intrinsic evidence that ***permit[ted]*** a URL to be considered a TV channel." *Id.* Importantly, the court explained that the case fell "squarely into the narrow slice of cases where based on the claims, specification, its experience, and common sense," the plaintiff's infringement allegations were facially implausible. *Id.*

Here, Defendant does not dispute that Plaintiff identified "icons" in its first amended complaint. Instead, it argues that the icons do not satisfy the meaning of the term "phone icon" as used in the asserted claim. Docket No. 18 at 4–9. Defendant points to the specification to argue that the icons Plaintiff identified are inadequate. *See id.* at 5–7. Unlike in *Bartonfalls*, accepting Defendant's position would require that the Court limit the scope of the claims to a particular embodiment without claim construction briefing on the issue. The Court declines to interpret the claim as Defendant requests at this stage of the litigation.

Defendant also argues that Plaintiff has not pled that the alleged phone icons are displayed "on said plurality of characters." Docket No. 18 at 7–8. However, Plaintiff's claim chart provides screenshots of the Webex application in which the alleged phone icons appear on the panel associated with a particular call participant. Docket No. 16-4 at 12. It would be premature for the Court to determine whether "display[ing] phone icons on said plurality of characters" requires that the icons be displayed directly on the participant as Defendant suggests. The Court declines to adopt such a construction at this stage without claim construction briefing from the parties.

Thus, Defendant's motion to dismiss with respect to the '421 Patent is **DENIED**.

## II. The '820 Patent

Defendant contends that Plaintiff failed to plausibly plead infringement with respect to the "performs diagnostics on a corresponding one of said plurality of speakers" and "said low level status manager performing diagnostics on said one speaker" limitations of the '820 Patent. Docket No. 18 at 16–17; *see also* Docket No. 39 at 1. Defendant argues that Plaintiff "does not point to anything that suggests that performing diagnostics on a network meets the plain claim language requirement of performing diagnostics ***on a*** speaker." Docket No. 21 at 4.

Plaintiff responds that it accuses "Webex and Webex calling" of infringement, which include a series of individual devices working together. Docket No. 20 at 6. Plaintiff also contends

that "a diagnostic on the network functionality of a speaker is a diagnostic on the speaker," and Defendant's interpretation "identifies an exemplary embodiment in the specification and improperly reads in additional limitations." *Id.* at 7. Plaintiff argues that it would be premature for the Court to read such a limitation into the claim at this stage. *Id.*

Like Defendant's arguments with respect to the '421 Patent, *supra* Section I, its arguments related to the '820 Patent turn on the Court adopting Defendant's interpretation of the claim language. However, taking Plaintiff's allegations and claim interpretations as true for the purposes of ruling on the motion to dismiss, the Court assumes that the phrase "performs diagnostics on said speaker" may include a diagnosis of the connectivity of that speaker. In light of this understanding, Plaintiff adequately alleged that Defendant's Webex and Webex calling systems infringe this limitation.[1] *See* Docket No. 16-6 at 27–32 ("Webex includes a diagnostic application corresponding to each of the devices connected to it, and uses a low level status link based on a third protocol (such as RTCP) to receive status messages from one of the devices.").

Thus, Defendant's motion to dismiss with respect to the '820 Patent is **DENIED**.

## CONCLUSION

For these reasons, Defendant's Motion to Dismiss Plaintiff Diorite Technology, LLC's Amended Complaint (Docket No. 18) is **DENIED**.

---

[1] At the hearing on the motion, Defendant argued that "[t]he fact that WebEx and some of the Cisco phones use different signaling links is irrelevant to whether or not the diagnostic reports are transmitted over those protocols." Docket No. 44 at 14:25–15:3. This argument was not raised in the briefing, and the Court therefore declines to address it here. *See Bright Solutions, Inc. v. Tire Seal, Inc.*, No. 5:06-cv-247-DF, 2008 WL 11348025, at *3 (E.D. Tex. July 17, 2008) ("[A]rguments raised for the first time at oral argument [are] not properly before the Court.").

**So ORDERED and SIGNED this 28th day of September, 2026.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE