[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

DIORITE TECHNOLOGY, LLC,

Plaintiff,

v.

CISCO SYSTEMS, INC.,

Defendant.

Case No. 2:25-cv-00591-RWS

**JURY TRIAL DEMANDED**

[redacted]

**DEFENDANT CISCO SYSTEMS, INC.'S MOTION**
**TO COMPEL THE DEPOSITION OF VINCENT SOMOZA**

[redacted]

## TABLE OF CONTENTS

**Page**

I. BACKGROUND ........................................ 1

II. LEGAL STANDARD ........................................ 3

III. ARGUMENT ........................................ 3

A. Diorite Controls Mr. Somoza. ........................................ 3

B. The Court Should Order Diorite to Produce Mr. Somoza for a Full Seven-Hour Deposition. ........................................ 4

IV. CONCLUSION ........................................ 5

[redacted]

**CASES**

*Freedom Med., Inc. v. Premier Purchasing Partners, L.P.*,
No. 5:09-CV-152, 2011 WL 13196168 (E.D. Tex. Apr. 29, 2011)......................................3, 5

*Hickman v. Taylor*,
329 U.S. 495 (1947)......................................................................................................3

*Sali v. Corona Reg'l Med. Ctr.*,
884 F.3d 1218 (9th Cir. 2018)......................................................................................3, 4

*United States v. Garrett*,
571 F.2d 1323 (5th Cir. 1978)........................................................................................5

*United States v. Holley*,
942 F.2d 916 (5th Cir. 1991)..........................................................................................3

**STATUTES AND RULES**

Fed. R. Civ. P. 26.......................................................................................................3, 5

Fed. R. Civ. P. 30(a)........................................................................................................3

Fed. R. Civ. P. 30(a)(1), (d)(1).........................................................................................5

Fed. R. Civ. P. 32(a)........................................................................................................6

Fed. R. Civ. P. 35.............................................................................................................3

Fed. R. Civ. P. 37(a)........................................................................................................3

[redacted]

Defendant Cisco Systems, Inc. ("Cisco") respectfully moves for an order compelling Plaintiff Diorite Technology, LLC ("Diorite") to produce Vincent Somoza, a named inventor of an asserted patent and Diorite's paid consultant, for a deposition of up to seven hours under the Federal Rules of Civil Procedure, recorded by video.

## I. BACKGROUND

Diorite accuses Cisco of infringing U.S. Patent Nos. 9,007,421 ("the '421 patent") and 9,344,820 ("the '820 patent") (collectively, the "Asserted Patents"). (Dkt. 16 (First Amended Complaint) at 1.)[1] All of the named inventors of the Asserted Patents reside in Canada, including Vincent Somoza, a named inventor of the '421 patent. (Dkt. 1-3, '421 patent at cover.)

Early in discovery, Diorite represented to Cisco that it could not accept service on behalf of the inventors, did not have contact information for them, and had no way to present them for deposition or trial. Consistent with those representations, Diorite has not sought any discovery from any of them, including Mr. Somoza.

With Diorite disclaiming any access to the inventors, and with the inventors beyond this Court's subpoena power in Canada, Cisco diligently pursued their testimony through letters rogatory. (*See* Dkt. 40, 42.) As a result, Cisco was able to arrange depositions with several of them, including Mr. Somoza. Indeed, Mr. Somoza agreed to sit for deposition on November 13, 2026, and, to accommodate his demands, Cisco agreed to take the deposition remotely and without video recording. (Ex. 1, Oct. 20, 2026 Email from E. Lee to V. Somoza.)

However, after Cisco arranged to take Mr. Somoza's deposition, Diorite engaged Mr. Somoza as a paid consultant and retained Mr. Somoza's Canadian counsel to also serve as counsel to Diorite. (Ex. 2, Nov. 3, 2026 Engagement Letter from Diorite Counsel to Mr. Somoza,

---

[1] Diorite has dismissed its allegations of infringement with respect to U.S. Patent No. 8,189,759. (Dkt. 39 (Joint Status Report) at 2.)

[redacted]

at 1; Ex. 3, Nov. 4, 2026 Email from V. Haramina to Counsel for Cisco.) Diorite's engagement letter with Mr. Somoza provides that Diorite's counsel, [redacted] (*Id.*) The engagement letter also requires [redacted] (*Id.* at 2.)

On November 4, 2026—the day after Diorite retained Mr. Somoza—his Canadian counsel, Viktor Haramina, informed Cisco that Mr. Somoza was backing out of the agreed November 13 deposition and would instead submit to deposition at a later date only if (i) Cisco was limited to 1.5 hours of examination, and (ii) Diorite was provided with an equal 1.5 hours of deposition time, even though Diorite never sought this discovery. (Ex. 3, Nov. 4, 2026 Email from V. Haramina to Counsel for Cisco.) In this communication, Mr. Haramina failed to inform Cisco that Mr. Somoza had been retained by Diorite. (*Id.*)

On November 5, 2026, Cisco wrote to counsel for Diorite and asked Diorite either to explain how—having disclaimed any access to the inventors—it now appeared to exercise control over Mr. Somoza, or to meet and confer. Diorite offered no explanation, responding only that Mr. Somoza was not under its control.

When the parties met and conferred on November 9, 2026, Diorite disclosed—for the first time, and only after Cisco pressed the issue—that it had engaged Mr. Somoza as a paid consultant. Yet Diorite still maintained that it neither controls nor represents Mr. Somoza—despite an engagement letter [redacted]—and that it could not produce him for a full-length deposition. (Ex. 4, Nov. 9, 2026 Email Thread between Cisco and Diorite Counsel; Ex. 2 at 1–2.) After the meet and confer, Diorite itself negotiated on Mr. Somoza's behalf, offering Cisco an additional hour and fifteen minutes of examination time,

[redacted]

despite still claiming that it neither controls nor represents Mr. Somoza. (Ex. 4.)

## II. LEGAL STANDARD

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The liberal scope of discovery applies to deposition testimony, as the Fifth Circuit has made clear: "deposition-discovery rules are to be accorded a broad and liberal treatment" and "either party may compel the other to disgorge whatever facts he has in his possession." *United States v. Holley*, 942 F.2d 916, 924 (5th Cir. 1991) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

A party may depose "any person" without leave of court, and absent a stipulation or court order, the deposition may last up to one day of seven hours. Fed. R. Civ. P. 30(a)(1), (d)(1). A party that wishes to shorten or restrict a deposition must seek a protective order and show good cause. *Freedom Med., Inc. v. Premier Purchasing Partners, L.P.*, No. 5:09-CV-152, 2011 WL 13196168, at *3 (E.D. Tex. Apr. 29, 2011); Fed. R. Civ. P. 26(c)(1).

Rule 35 expressly authorizes orders requiring a party to produce for examination a person within its control. *See* Fed. R. Civ. P. 35(a)(1) (a court may "order a party to produce for examination a person who is in its custody or under its legal control"). By analogy, on a motion under Rule 37(a), the Court may order a party to produce a nonparty witness over whom it exercises influence or control, and such an order requires the party to use its best efforts to secure the witness's attendance. *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1222–25 (9th Cir. 2018).

## III. ARGUMENT

### A. Diorite Controls Mr. Somoza.

After Cisco secured Mr. Somoza's agreement to sit for deposition (Ex. 1), Diorite inserted itself to obstruct that process. On November 3, 2026, Diorite's counsel engaged Mr. Somoza as a paid consultant. (Ex. 2 at 1.) The very next day, Mr. Haramina informed Cisco that he had been

[redacted]

"retained by Diorite Technology, LLC and Mr. Somoza," that the agreed November 13 date "may no longer be feasible," and that "Cisco . . . [shall] have no more than 1.5 hours on the record to examine Mr. Somoza." (Ex. 3.) The sequence is telling: Mr. Somoza stood by his agreement until Diorite engaged him and backed out of it the next day.

Diorite maintains that it does "not control Mr. Somoza, nor does [it] represent Mr. Somoza," but this is contradicted by its retention of Mr. Somoza as a paid consultant—a fact that came to light only at the parties' meet and confer. (Ex. 4; Ex. 2 at 1.)[2] Under the engagement letter, Diorite's counsel [redacted]—[redacted] (Ex. 2 at 1.) The same engagement letter even [redacted] (*Id.* at 2.)

Diorite cannot engage the witness as its paid consultant, [redacted], jointly retain the witness's counsel, secure for itself examination time it never sought through any discovery mechanism, and then deny that it represents or controls the witness. Having placed itself between Cisco and Mr. Somoza, Diorite exercises control over him and is the party that can, and should be ordered to, make him available. *See Sali*, 884 F.3d at 1222–25.

### B. The Court Should Order Diorite to Produce Mr. Somoza for a Full Seven-Hour Deposition.

Mr. Somoza is a named inventor whose testimony regarding conception, development, reduction to practice, and inventive contribution goes to the heart of the claims and defenses here.

---

[2] That the letter calls Mr. Somoza an [redacted] (*Id.*) The question is not whether Diorite dictates what Mr. Somoza says, but whether Diorite can exercise control over Mr. Somoza's participation in this matter.

[redacted]

That testimony is relevant, and a single seven-hour deposition of a named inventor of an Asserted Patent is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 30(a)(1), (d)(1) (presumptively allowing a seven-hour deposition). Any examination by Diorite, [redacted], should not come out of that time.

Diorite's conditions—1.5 hours, confined to pre-selected topics and previously produced documents, and without a video record (see Ex. 3)—are in substance a protective order that Diorite (and Mr. Somoza) never sought and for which it has shown no good cause. *See Freedom Med.*, 2011 WL 13196168, at *3; Fed. R. Civ. P. 26(c)(1). Diorite has offered no particularized justification for any of these restrictions. Its principal stated position— that it does "not control Mr. Somoza, nor does [it] represent Mr. Somoza" (Ex. 4)—fails for the reasons set out in Section III.A. Nor does Diorite explain why a 1.5-hour deposition—or the 2.75 hours Diorite has since offered—would be appropriate. In any event, that position is the kind of "stereotyped and conclusory statement[]" that cannot establish good cause for a protective order limiting the deposition. *Freedom Med.*, 2011 WL 13196168, at *3, *5 (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

And while Cisco previously assured Mr. Somoza that it would try to keep his deposition to four hours, that was based on Diorite's prior representation to Cisco that it could not and would not present Mr. Somoza at trial. Now that Diorite has retained Mr. Somoza [redacted], a full deposition of up to seven hours, recorded by video, is warranted. *See* Fed. R. Civ. P. 32(a)(4)(B).

## IV. CONCLUSION

For the foregoing reasons, Cisco requests that the Court grant its motion, order Diorite to produce Mr. Somoza for a deposition of up to seven hours under the Federal Rules of Civil

[redacted]

Procedure, recorded by video, on a date no later than November 30, 2026, with any examination by Diorite to be in addition to those seven hours.

Dated: November 12, 2026

Respectfully submitted,

*/s/ Krishnan Padmanabhan*
Krishnan Padmanabhan (*pro hac vice)*
CA State Bar No. 254220
Email: kpadmanabhan@fenwick.com
Christopher Gresalfi (*pro hac vice)*
NY State Bar No. 5472121
Email: cgresalfi@fenwick.com
Doug Etts *(pro hac vice)*
NY State Bar No. 6049027
Email: Detts@fenwick.com
**FENWICK & WEST LLP**
902 Broadway, 18th Floor
New York, NY 10010-6035
Telephone: 212.430.2600

Scott Border
DC State Bar No. 982214
sborder@fenwick.com
**FENWICK & WEST LLP**
1155 F Street NW, 12th Floor
Washington, DC 20004
Telephone: 202.970.3000

Emma Lee *(pro hac vice)*
CA State Bar No. 344074
Emma.Lee@fenwick.com
**FENWICK & WEST LLP**
One Front Street, 32nd Floor
San Francisco, CA 94111
Telephone: 415.875.2300

Shaun W. Hassett
TX State Bar No. 24074372
Email: shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Avenue, Suite 900
Tyler, TX 75702

[redacted]

Telephone: 903.597.8311
Facsimile: 903.531.3972

*Attorneys for Defendant Cisco Systems, Inc.*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendant has complied with the meet and confer requirements in L.R. 7(h) and FRCP 37(a)(1) regarding this motion. On November 9, 2026, counsel for Defendant met and conferred with counsel for Plaintiff via video conference, and counsel for Plaintiff indicated that it opposes the relief requested by this motion.

*/s/ Krishnan Padmanabhan*
Krishnan Padmanabhan

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7)(B), I am authorized to file the foregoing document under seal pursuant to paragraph pursuant to 18 of the Protective Order (Dkt. 32) because this document references Designated Material.

*/s/ Krishnan Padmanabhan*
Krishnan Padmanabhan

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served via electronic service on November 12, 2026, to all counsel of record via the Court's CM/ECF system per Local Rule CV-5(a). Additionally, I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of these documents via electronic mail per Local Rule CV-5.

*/s/ Krishnan Padmanabhan*
Krishnan Padmanabhan